■ CC INDUSTRIES, INC., et al., Appellants, v IRA J. SEGAL, Respondent. [729 NYS2d 103] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 18, 2000, which denied plaintiffs' motion to renew the order, same court and Justice, entered April 12, 2000, granting defendant's motion to dismiss plaintiffs' remaining cause of action for breach of fiduciary duty, unanimously reversed, on the law and the facts, with costs, renewal granted and the cause of action reinstated. Appeal from the April 12, 2000 order, unanimously dismissed, without costs, as academic in light of the foregoing.

Defendant Ira Segal was hired in 1986 by non-party Aberdeen Manufacturing Corporation, at that time a wholly owned division of plaintiff CHF Industries, Inc. (CHF), as its Director of Design. CHF, in turn, is a wholly owned subsidiary of plaintiff CC Industries, Inc. (CCI). Plaintiffs describe defendant's position as one of "trust and responsibility," and commenced the within action against Segal in November 1994, seeking to recover $764,575, which damages arise out of an alleged scheme devised by defendant which induced CHF to pay fraudulent invoices, statements of accounts and bills to nonexistent and fictitious entities he had established. Plaintiffs' remaining cause of action, for breach of fiduciary duty, is premised upon the alleged fraud committed by Segal when he acted adversely to the interests of his employer.

During the course of discovery, it came to light that CCI, in exchange for a payment of $714,575, executed a "Release and Assignment," by its Vice-President, which states, in pertinent part, that CCI and CHF "hereby assigns and transfers to Arkwright any and all claims and demands against any person(s), corporation(s) or other entity(ies), or property, arising from or connected with such loss or damage."

The motion court subsequently granted defendant's motion to dismiss plaintiffs' remaining cause of action and held that CHF was the insured under the policy with the right to recover against Segal, that CCI did not possess any such rights, and that the release was a nullity because it was signed solely by CCI's representative. As a result, the court concluded that since CHF's rights were never transferred to Arkwright, Arkwright does not have standing to maintain this action. We disagree and reverse.

The fallacy in the IAS court's ruling lies in the premise that

Arkwright has brought this action. While Arkwright may be financing the action brought in the names of CCI and CHF pursuant to the release and assignment executed by CCI, Arkwright is not a plaintiff and thus the standing issue is a bogus one. The issue as to who is the insured under Arkwright's policy is purely collateral; it has no legal effect on this action seeking to recover the losses sustained as a result of defendant's conversions and misappropriations. Defendant need not concern himself with who is the insured under Arkwright's policy. Suffice it to say, in the event he is found liable, upon satisfaction of the judgment or settlement of the dispute, he will be entitled to a release from whichever plaintiff sustained the loss, either CCI or CHF, or both. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.